**WO**

KAB

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Colleen LaPlante, | No.  CV-23-00472-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| Susan Brennan, et al., | |
| Defendants. | |

Plaintiff Pamela Colleen LaPlante brought this pro se civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  Defendants seek to dismiss this action for failure to prosecute.  (Doc. 26.)  Plaintiff was informed of her rights and obligations to respond (Doc. 27), but the Order was returned to the Court as undeliverable (Doc. 28).

Defendants assert Plaintiff has not updated her address and mail they attempt to send her is returned as undeliverable.  (Doc. 26.)  Since June, two of the Court's Orders have likewise been returned as undeliverable.  (Docs. 25, 28.)

Although Plaintiff has been informed of the Court's Local Rule requiring her to keep her address updated, Plaintiff has not updated her address for at least six months.  (*See, e.g.*, Docs. 5, 7 ("Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure," and "[f]ailure to comply may result in dismissal of this action.")); *see also* LRCiv 83.3(d) ("An . . . unrepresented party must file a notice of a name or address change . . . no later than fourteen (14) days before the effective date of the change . . . in each active case." ).

Plaintiff has a general duty to prosecute this case. *Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in h[er] mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). If the Court were to order Plaintiff to show cause as to why dismissal is not warranted, the Order "would only find itself taking a round trip tour through the United States mail." *Id.*

It is well established that under Federal Rule of Civil Procedure 41(b), a district court has authority to dismiss a plaintiff's action because of her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (stating a district court has the inherent power to dismiss a case sua sponte for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding a district court may dismiss an action for failure to comply with any order of the court); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (stating a district court may dismiss an action for failure to comply with a local rule).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of her address prevents the case from proceeding in the

foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile.

The Court finds only one less drastic sanction is realistically available. Rule 41(b) provides a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b).

**IT IS ORDERED:**

(1)    This action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court must enter judgment accordingly.

(2)    Defendants' Motion to Dismiss (Doc. 26) is denied as moot.

Dated this 16th day of December, 2025.

Honorable Scott H. Rash
United States District Judge